■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GOVAN, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Greenburg, J.), both rendered February 11, 1985, convicting him of attempted rape in the first degree under indictment No. 2439/76, and bail jumping in the first degree under indictment No. 4129/79, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

On or about August 25, 1976, the defendant was indicted under indictment No. 2439/76 for rape in the first degree and sexual abuse in the first degree arising out of an incident involving his stepdaughter. After numerous adjournments at the request of both the defendant and the People, a trial commenced after which a mistrial was declared in November 1977. Thereafter, the defendant failed to appear at a subsequent trial date, and a bench warrant was issued for his arrest.

The defendant was produced on this warrant in May 1979.

Thereafter, the defendant again failed to appear at a scheduled court date in October 1979 and was indicted for bail jumping in the first degree in December 1979 under indictment No. 4129/79. In January 1980, another bench warrant was issued for his arrest. The defendant was not returned to court until August 1984. The People had announced their readiness for trial in November 1977, and there is no proof that they were not ready at all times thereafter.

On November 29, 1984, the court conducted a hearing on the defendant's motion to dismiss the indictment based on a claim that the People were not ready for trial within the six-month period required by CPL 30.30. After testimony of a police officer and argument concerning the application of *People v Giordano* (56 NY2d 524), to the instant facts, the defendant pleaded guilty to attempted rape in the first degree and bail jumping in the first degree.

By pleading guilty, the defendant has waived the right to claim that he was denied a speedy trial under CPL 30.30 *(see, People v O'Brien,* 56 NY2d 1009). Moreover, there is nothing in the record to indicate that the defendant did not receive effective assistance of counsel *(see, Hill v Lockhart,* 474 US —, 106 S Ct 366). Indeed, under the circumstances of this case, defense counsel negotiated favorable pleas and sentences. Lastly, the defendant's contention that the plea allocution was insufficient with respect to the element of "forcible compulsion" is without merit *(see, People v Coleman,* 42 NY2d 500). Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.